JACOBSEN, Respondent, v. BUCKLEY, Appellant. (City Court of New York, General Term. May, 1901.) Action by Ernest O. Jacobsen, trading under the firm name of Jacobsen & Co. against Wilfred Buckley, trading under the firm name of Samuel Buckley & Co. Reed, Simpson, Thacher & Barnum (Nathan A. Smyth, of counsel), for appellant. Howard R. Bayne, for respondent.

CONLAN, J. The action was brought to recover the difference between the market value of a quantity of ore and the amount paid on account thereof, the said ore being claimed by plaintiff to have been an overdelivery. The record presents no charge of the trial judge, and we assume, therefore, that the case was submitted to the jury upon all the evidence, and that such submission was acceptable to the defendant. The appellant presents three questions for review on this appeal, and asks for a reversal of the judgment because—First, there was no evidence, as he says, to show that any ore was delivered which was not required to be delivered under the contract; second, that, if more ore was delivered than the contract required, there is no evidence to show that such overdelivery was unintentional and by mistake; third, that before the mistake, if any, was made, this ore, as the defendant claims, had been sold by the plaintiff to other parties, and the plaintiff for that reason had neither property nor possession therein entitling him to recover any value in this action. As to the first ground, we find in the record a distinct statement by the plaintiff that this overdelivery was a subject of conversation between the parties, and at the time of settlement for the delivery under the contract is said to have been left for future adjustment. As to the second ground, it is also in evidence that the plaintiff had endeavored to find and locate this quantity of missing ore, and the attention of the defendant was called to the fact that the plaintiff claimed it as an unintentional delivery, and demanded pay for such excess at the market value at that time, which was refused. It is equally true that the defendant claims to have paid for all ore delivered under the contract, but at the same time he admits that 1,194 tons were delivered, whereas the contract was for 1,067 tons. As to this excess of 127 tons, the theory of the defense is that there was a custom that a variation in quantity of from 1 to 10 per cent. was not considered as an overdelivery. The evidence on this latter point is vague and uncertain. As to the third ground, it appears that a contract for the delivery of the excess ore, which, it is claimed, plaintiff had sold to other

parties, and for which he seeks to recover, as is alleged, of this defendant, was to be performed at Antwerp, Belgium, by a delivery there, and, if that be the case, then there was no transfer of ownership by the plaintiff of the ore in question. Under the third ground of objection, within the rule laid down in Gilbert v. Railroad Co., 4 Hun, 378, and McDonald v. Hewett, 15 Johns. 347, 8 Am. Dec. 241, the whole case having been submitted to the jury without objection, the defendant should be held to the consequences and not now be heard to complain of the result of their deliberations. We have examined the whole case with considerable care, and find nothing therein which calls for an interference with the result obtained in the trial court. Judgment and order appealed from must be affirmed, with costs. Judgment and order affirmed, with costs.

O'DWYER, J., concurs.